IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

**ROBERT WINNER and**
**LYNNE WINNER, Individually and on**
**behalf of all others similarly situated,**

    Plaintiffs,                                           Civil Action No. 1:20-cv-3420
                                                                 JUDGE COPPERTHITE

v.

**KELCO FEDERAL CREDIT**
**UNION,**

    Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS**

This matter is before the court upon consideration of the Plaintiffs' Motion for Sanctions. Plaintiffs Robert and Lynne Winner filed their Motion on August 13, 2021. The Defendant's Response was due on August 27, 2021. Defendant filed no response. After consideration of the Plaintiff's Motion and the attached exhibits, this Court **GRANTS** the Plaintiffs' Motion for Sanctions.

**FINDINGS OF FACT**

On April 19, 2021, this Court Granted the Plaintiffs' Motion to Compel the Defendant's answers and responses to Plaintiff's written discovery. When the Defendant had not complied with that Order one week later, Plaintiff's counsel conferred with counsel for the Defendant, who stated that the Defendant would serve responses by April 30, 2021. On that date, Defendant provided unverified answers to interrogatories. Despite referencing documents supposedly produced, the responses to Plaintiffs' requests for production had no documents attached. Defendant produced some documents on May 4, 2021, but did not produce all of the promised documents.

On May 5, 2021, Plaintiffs Noticed the deposition of Defendant's Corporate Representative pursuant to Fed. R. Civ. P. 30(b)(6).  The *Plaintiffs' First Notice of Video-Recording Deposition of Kelco General Credit Union Pursuant to Fed. R. Civ. P. 30(b)(6) and Request for Production* listed 25 separate topics of inquiry and requested production of documents related to those inquiries, including the documents already promised but not provided.

Defendant designated Cynthia Winter the Rule 30(b)(6) deponent for the May 14, 2021, deposition.  At the deposition, Ms. Winter stated that it was her last day of work for the Defendant.  She stated that she had not brought any of the documents requested in the notice of deposition.  Ms. Winter was unable to answer basic questions on behalf of the Defendant, including questions about the documents at the heart of this action – the Note securing the Plaintiffs' mortgage.

Ms. Winter's deposition testimony contradicted the Defendant's prior denial of Plaintiffs' Request for Admission No. 4.  Request No. 4 states:

> Admit that no document was ever provided to the Winners that included the following language: "BALLOON PAYMENT: This mortgage loan contains a balloon payment provision. A balloon payment is a scheduled lump sum usually due at the end of the mortgage loan term that is significantly larger than the other regularly scheduled periodic payments. If you cannot pay the balloon payment when due, you may have to obtain a new loan to make the balloon payment or you may lose your property through foreclosure. Before deciding to take this loan, consider your ability to pay the balloon payment when it comes due. The balloon payment on the mortgage loan you have applied for is due (insert number of months) from the date your mortgage loan begins.

Although the Defendant previously denied the request, Ms. Winter stated, "I don't, well the note that you showed me does not actually have the physical words "balloon payment" on it, no."  On further questioning, Ms. Winter made it clear that she could not cite to any specific document supporting the denial of Request No. 4. When it became apparent that Defendant's

deponent was unprepared, Plaintiffs' counsel continued the deposition to give the Defendant additional time to properly prepare a witness.

On May 18, 2021, Plaintiffs' counsel contacted Defendant's counsel to discuss the Defendant's ongoing failure to cooperate in discovery. Defendant's counsel stated he would talk to his client and contact Plaintiff's counsel to discuss on May 21, 2021. No call ever happened.

With the deadline for Plaintiffs' Motion for Class Certification fast approaching, the Plaintiffs sought the Defendant's agreement on a Motion for Continuance, which the Defendant provided. This Court granted that Motion on May 27, 2021. On the same day that this Court granted the continuance, Plaintiffs' counsel attempted to meet and confer on the ongoing discovery disputes, but Defendant's counsel did not reply. Plaintiffs' counsel contacted Defendant again on June 4, 2021. Defense counsel stated that Chessie Federal Credit Union, an entity that had purchased Defendant, was researching the information it received from the Defendant and would contact Defense counsel in the next week. Defense counsel agreed to contact Plaintiffs' counsel at that time, but he did not.

Since June 4, 2021, Plaintiffs' counsel has futilely attempted on at least three different occasions to discuss Defendant's failure to provide a prepared deponent and to produce the requested documents.

## FINDINGS OF LAW

"[P]roducing an unprepared Rule 30(b)(6) witness is tantamount to failure to appear." *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C., 1996); *Scott Hutchison Enters. v. Cranberry Pipeline Corp.*, 318 F.R.D. 44, 54 (S.D. W. Va., 2016). The deponent in a 30(b)(6) deposition must be prepared to testify to the corporation's knowledge, position on topics, beliefs, options, and interpretations. *Taylor*, 166 F.R.D. at 361; *Robinson v. Quicken Loans, Inc.*, No. 12-

3

cv-00981, 2013 U.S. Dist. LEXIS 59127, at *8 (S.D. W. Va., April 25, 2013). The responsibility to adequately prepare the Rule 30(b)(6) deponent survives even in the face of "many hours of work and review of voluminous documents." *Spicer v. Universal Forest Prods*., 07cv462, 2008 U.S. Dist. LEXIS 77232, at *11 (Va. W.D., Oct. 1, 2008); *see also Concerned Citizens of Belle Haven v. The Belle Haven Club*, 223 F.R.D. 39, 43 (D.Conn. 2004).

A party that fails to participate in a properly noticed Rule 30(b)(6) deposition is subject to sanctions under Fed. R. Civ. P. 37. The purpose of Rule 37 sanctions are to "(1) penalize culpable parties; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for expense caused, and (4) compel discovery." *Paice, LLC v. Hyundai Motor Co.,* WDQ-12-0499, 2014 U.S. Dist. LEXIS 95043, at *38, (D. Md.). This makes the purpose of the sanctions both punitive and/or remedial. Id. at *38.

Rule 37 offers sanctions ranging from the awarding of attorney's fees and costs to dismissal, including the striking of pleadings and preventing the introduction of evidence support specific defenses. Fed. R. Civ. P. 37(b)(2)(A). When looking to the imposition of harsher sanctions, the courts apply a four factors test considering "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Wilson v. Volkswagen of Am., Inc*., 561 F.2d 494, 503-06 (4th Cir. 1977).

In fashioning appropriate sanctions, this Court finds ample evidence of the Defendant's bad faith. First, despite this Court's April Order requiring the Defendant to provide answers to Plaintiffs' written discovery, the Plaintiffs had to entreat the Defendant to comply. As of the date of this Order, the Defendant still has not given the Plaintiff the documents it promised.

Even when the Plaintiffs repeated the request for the relevant documents in the Rule 30(b)(6) notice, the Defendant failed to produce documents. Moreover, on more than one occasion, the Defendant has promised to provide discovery and then reneged with no explanation.

Next, the Court finds that the Defendant's failure to comply with Fed. R. Civ. P. 30(b)(6) prejudices the Plaintiffs both procedurally and substantively. *Paice*, WDQ-12-0499, 2014 U.S. Dist. LEXIS 95043, at *47–50, (D. Md.). Substantive prejudice is when the failure to participate in discovery hinders the ability to prosecute a specific claim or present evidence at a proceeding. *Id*. at 49. Procedural prejudice is the harm resulting from evasiveness, delay, and obfuscation; it prevents the development of the case. *Id*. at 47. It is recognized as the piecemeal, incomplete, slow production of discover that inflicts a "death by a thousand cuts." *Id.*

Defendant's dilatory and obstructive tactics have caused plaintiff both procedural and substantive prejudice in this case. Procedurally, Defendant's actions, or deliberate inaction, has left it impossible for the Plaintiffs to develop their case at the most basic level. The original Scheduling Order in this Case set May 26, 2021, as the discovery deadline and as the deadline for the motion for class certification. Defendant's recalcitrance caused the Court to move the discovery deadline to September 30 and the motion for class certification to October 15. That leaves the Plaintiff less than one month to complete discovery and six weeks to move for class certification. Meanwhile, Defendant continues to refuse to cooperate in discovery.

Substantively, Defendant's noncompliance with this Court's order, along with continued evasiveness has obstructed a full and meritorious consideration of the affirmative defenses Defendant raises in its responsive pleadings. *See e.g., Robertson v. Dowbenko*, 443 Fed. Appx. 659, 661 (2d Cir., 2011). the refusal to provide a properly prepared 30(b)(6) witness has made it impossible for Plaintiff to pursue their individual claims and class claims. Had it not been for the

extension of time granted by this Court, the Plaintiff would have been unable to timely proceed. Defense counsel now continues to delay in its production of a prepared 30(b)(6) deponent and crucial documents cited in their discover responses.

The Defendant's non-compliance with both this Court's Order and the rules of discovery warrant serious deterrence by this Court. The Defendant's actions and inactions have delayed litigation of this matter and caused this matter to languish on the Court's already full docket.

Further, by failing to fully comply with the Court's previous Order, the Defendant has demonstrated that less severe sanctions are unlikely to be effective. The Defendant has shown contempt for the Rules of this Court.

THEREFORE, pursuant to Fed. R. Civ. P. 37, this Court **ORDERS** that the Plaintiffs are **GRANTED** judgment as to the Defendant's liability on all individual and class claims in the Complaint.

This Court further **ORDERS**:

(1) That Plaintiffs' Request for Admission No. 4 be deemed admitted as of the date of entry of this Order.

(2) That within 10 days of the date of entry of this Order, Defendant make full production of the Plaintiff's requested discovery, including those documents necessary for preparation of a class notice. For each day beyond that 10 day period, the Defendant shall incur a penalty of $500 per day that discovery is not provided.

(3) That Defendant pay Plaintiff's attorney's fees and costs associated with the Plaintiff's previous Motion to Compel, the failed May 14, 2021, deposition, the filing of the Amended Scheduling Order, and the preparation of this Motion. The Plaintiff shall submit a

Petition for Attorney's Fees and Costs detailing these expenses on or before _____, 2021.

The Clerk will enter the foregoing Order as of the day and date first above written and provide attested copies to all counsel of record.

Entered: _____          _____

A. David Copperthite

Magistrate Judge

United States District Court for the

District of Maryland.