IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ROBERT WINNER and
LYNNE WINNER, Individually and on
behalf of all others similarly situated,

    Plaintiffs,                                      Civil Action No. 1:20-cv-3420
                                                            JUDGE A. DAVID COPPERTHITE

v.

KELCO FEDERAL CREDIT
UNION,

    Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTION OF DEFAULT IN ACCORDANCE WITH COURT'S ORDER GRANTING PLAINTIFFS' UNCONTESTED MOTION FOR SANCTIONS**

This matter is before the court upon consideration of the Plaintiffs' Motion for Sanction of Default in Accordance with Court's Order Granting Plaintiffs' Uncontested Motion for Sanctions.  After consideration of the arguments for and against, the Court **GRANTS** the Plaintiffs' Motion.

**FINDINGS OF FACT**

The instant Motion was prompted by the Defendant, Kelco Federal Credit Union's, repeated non-compliance with the Rules governing discovery.  First, on April 19, 2021, the Court granted Plaintiffs' Motion to Compel the Defendant's answers and responses to written discovery.  The Plaintiffs' Motion was uncontested, and the Court granted the Motion.

The Defendant then failed to produce the information and documents that this Court had ordered produced.  The Plaintiffs then noticed a Rule 30(b)(6) deposition of Defendant's Corporate Representative and requested that Defendant provide specific documents at that deposition and to respond to a list of designated topics.  Not only did the Defendant violate Fed.

R. Civ. P. 30(b)(6) by failing to provide a deponent prepared for the deposition, but it also failed to provide the requested documents.

Plaintiffs then moved for sanctions for Defendant's repeated violations of the Federal Rules of Civil Procedure, which this Court granted on September 2, 2021. The Court ordered that if the Defendant failed to produce the requested documents and information within 14 days, the Plaintiffs could move the Court for default. The Defendant failed to respond, and on October 14, 2021, the Plaintiffs moved for default as a sanction.

The Defendant responded to the Plaintiffs Motion for Default on October 28, 2021. The gist of Defendant's Response is that it was unaware that its attorney, the second in a line of three attorneys who have appeared in this case, had ceased cooperating with the Plaintiffs and the Court. The Defendant argues that it therefore lacked the bad faith necessary to justify the sanction of default. In the meantime, the Defendant began to provide the discovery it had failed to produce on this Court's April 19, 2021 Order granting the Plaintiffs' Motion to Compel. However, as of the date of the Plaintiffs' reply brief supporting this Motion, the Defendant had not produced all of the ordered discovery. The Defendant had not provided a qualified corporate representative for deposition, and the Defendant had failed to comply with this Court's September 2, 2021 Order Granting the Plaintiffs' Uncontested Motion for Sanctions and the October 5, 2021 letter Order Granting Plaintiffs' Motion for Attorneys' Fees. None of the Defendant's factual allegations about its lawyer were supported by affidavits and Mr. Rozas remains counsel of record for Defendant.

### FINDINGS OF LAW

Rule 37(b)(2)(A)(vi) provides that where a party fails to obey a court order permitting discovery, the court may sanction the party by rendering a default judgment. "Where a party's

Case 1:20-cv-03420-ADC   Document 35-1   Filed 11/12/21   Page 3 of 8

noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules," a Court may impose default as a sanction. *Boyd v. SFS Communs., LLC,* 2018 U.S. Dist. LEXIS 150640, 8-9 (D. Md. September 5, 2018) (citing *Mut. Fed. Sav. & Loan Ass'n,* 872 F.2d 88, 92 (4th Cir. 1988) (quoting *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 503-504 (4th Cir. 1977)).

Rule 37(b)(2)(A) grants the district court where an action is pending broad discretion to impose sanctions when "a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *see also Law Funder, L.L.C. v. Munoz,* 924 F.3d 753, 758 (5th Cir. 2019). This "language clearly requires two things as conditions precedent to engaging the gears of the rule's sanction machinery: a court order must be in effect, and then must be violated, before . . . sanctions can be imposed." *Sines v. Kessler,* 2021 U.S. Dist. LEXIS 109499, 19 -22 (W.D. Va. June 7, 2021) (citing *Sines v. Kessler*, 2020 U.S. Dist. LEXIS 102390 6 (W.D. Va. June 11, 2020) (quoting *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 (1st Cir. 1991)) ("Sines II"). Subsection (b)(2)(A) "contains two standards—one general and one specific—that limit a district court's discretion" in choosing what substantive sanction(s) to impose. *Sines,* 2021 U.S. Dist. LEXIS 109499, at 19-20 (citing *3 Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)). "First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Id.* (citing Fed. R. Civ. P. 37(b)(2)(A)).

Extreme sanctions, such as dismissal and default judgment, are appropriate "where the party's noncompliance represents a bad faith and callous disregard for the authority of the district

court and the Rules" governing discovery. *Mut. Fed. Sav. & Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

> In the 4th Circuit, there is a 4-part test for determining Rule 37 sanctions:
>
> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Id.*

This Court finds that the Defendant's repeated refusal to comply with the Federal Rules governing discovery coupled with its failure to obey this Court's Orders rises to the level of bad faith. The Defendant's failure to meaningfully participate in this litigation shows a contempt for this Court and the judicial process. Plaintiffs have been severely prejudiced by the Defendant's disregard, which has already required an adjustment of the Scheduling Order's original deadlines. Moreover, the Plaintiffs' Motion for Class Certification was due in October of 2021, but Defendant had not yet provided all of the discovery necessary for preparation of that motion. This Court cannot excuse and must deter this behavior.

Moreover, Kelco cannot avoid a finding of bad faith by pinning the blame on its attorney. Kelco must accept responsibility for failing to conscientiously attend to this litigation. As the United States Supreme Court has stated,

> [Defendant] voluntarily chose this attorney as his representative in this action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all fact, notice of which can be charged upon the attorney.

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd P'ship,* 507 U.S. 380, 397 (1993) (quoting *Link,* 370 U.S. at 633-34) (quoting *Smith v. Ayer,* 101 U.S. 320, 326 (1880)).

Further, "it is a 'well-established principle that a party is responsible for the actions and conduct of his [or her] counsel and that, under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions." *Comiskey v. JFTJ Corp.,* 989 F.2d 1007, 1010 (8th Cir. 1993) (quoting *Denton v. Mr. Swiss of Mo., Inc.,* 564 F.2d 236, 240-41 (8th Cir, 1977)).

Having already attempted less drastic sanctions to no avail, the Court now holds that the sanction of default is warranted and **GRANTED.**

**AWARD OF DAMAGES**

Where a Complaint does not specify a sum certain, a Court should "make an independent determination of the sum to be awarded." *Liversage v. Nationwide Debt Mgmt. Solutions, LLC,* 2016 U.S. Dist. LEXIS 2773, 3 (D. Md. January 11, 2016) (quoting *S.E.C. v. Lawbaug,* 359 F. Supp.2d 418 (D. Md. 2005)).  Here, the Plaintiffs have provided an affidavit and documentary evidence that allows the Court to award damages as follows:

    **A.**    **Actual and Compensatory Damages ($44,161.24)**

Actual damages are available to the Winners under both Maryland Commercial Law, the WVCCPA, and the FCRA.  Damages for Kelco's multiple violations of Md. Comm. Law § 13-301 are authorized under Md. Comm Law **§** 13-408, which states that "any person may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title." Kelco's violations of Md. Comm Law § 14-201 also entitle the Winners to actual damages that include "emotional distress or mental anguish suffered with or without accompanying physical injury." The WVCCPA also allows the Winners to recover actual damages.  W. Va. Code §§ 46A-5-101 and 46A-6-106.

The Court should award the Winners' actual damages for the following:

1. **Unearned late fees totaling $2,161.24 (Maryland Commercial Law and WVCCPA)**

Kelco's misapplication of the Winners' loan payments caused the Winners' account to appear delinquent.  On 71 separate occasions, Kelco charged, and collected, a late fee of $30.44 for loan payments that were not actually late.  In all, Kelco collected **$2,161.24** in unearned late fees from the Winners.

2. **Appreciated value of the Real Property ($22,000)**

Because Kelco wrongfully foreclosed on the Winners' real property, the Plaintiffs have been deprived of the value of the lots.  In 2005, the Winners paid $35,000 each for lots 38 and 39, $70,000 total.  Today, the market value of each lot is approximately $46,000, a total of $92,000.  The appreciated value of the properties upon which Kelco foreclosed is $22,000.

3. **Emotional Distress in the amount of $10,000 for each Plaintiff ($20,000)**

Maryland Commercial Law, the WVCCPA, and FCRA all entitle the Winners to actual damages for emotional distress, even in the absence of physical injury.  Here, the Winners have each experienced worry, embarrassment, humiliation, annoyance, and inconvenience as a result of Kelco's violation of these statutes.  The Court therefore awards each Plaintiff $10,000 for emotional distress, for a total of **$20,000**.

B. **Statutory Damages ($76,000)**

Under the WVCCPA, the Winners are entitled to statutory damages of $1,000 per violation.  W. Va. Code 46A-5-101(1)(1)(b). Based on the allegations in the Complaint, the Winners are entitled to **$76,000** in statutory damages as follows:

1. 1 violation of W. Va. Code §46A-2-105
2. 73 violations of W. Va. Code §46A-2-127(d)
3. 2 violations of W. Va. Code §46A-2-125(a).

### C. Fraud and Punitive Damages ($25,000)

As alleged in the Complaint, Kelco intentionally misrepresented to the Winners many facts, including its ability to accept and process bi-weekly payments and its intent to rectify the inaccurate application of those bi-weekly payments. In addition to actual damages for fraud, the Court should award punitive damages.

Kelco's repeated, intentional misrepresentations are extraordinarily egregious and rise to the level of willful and malicious behavior. Kelco repeatedly stated that it was able to process loan payments on a bi-weekly basis, even though Kelco had no policies or procedures in place that allowed or facilitated these payments. When it became apparent that Kelco had not processed the Winners' loan payments as stated or as required under the terms of the Note and Deed of Trust, Kelco continued to intentionally misrepresent itself as capable of processing bi-weekly payments. What is more, Kelco stated that it would correct the Winners' loan account, but clearly had no intention of doing so. Instead of making the necessary adjustments to the account, Kelco cavalierly joked with the Winner's about lost or missing payments. Kelco's repeated misrepresentation on top of misrepresentation shows willful and malicious intent and justifies punitive damages in the amount of **$25,000**.

### D. Equitable Relief

The Court grants the Plaintiffs' request for equitable relief and orders Kelco to contact all credit reporting agencies to which it has reported the Winners' alleged delinquency to delete the erroneous trade line reflecting the foreclosure and charge off the Plaintiffs' loan with Kelco.

### E. Attorneys' Fees and Costs

The Plaintiffs are entitled to reasonable attorneys' fees and costs under the Maryland Commercial Code, the WVCCPA, and FCRA. The Court awards reasonable attorneys' fees and costs in an amount to be determined upon petition by the Plaintiffs.

WHEREFORE, it is **ORDERED** and **ADJUDGED** that the Defendant pay the Plaintiffs $145,161.24 in monetary damages, plus post-judgment interest as prescribed by 28 U.S.C. § 1961(a). It is also **ORDERED** and **ADJUDGED** that the Defendant delete its trade lines on the Plaintiffs' credit reports. It is further **ORDERED** and **ADJUDGED** that the Defendant pay the Plaintiffs' reasonable attorneys' fees and costs in an amount to be determined.

This Court sets _____ \_\_\_, 2021 as the date for Plaintiffs to submit their petition for attorneys' fees and costs.

Date: _____

_____
A. David Copperthite
United States Magistrate Judge